PATRICK KENNEDY

*v.*

JOHN KENNEDY *et al.*

1. COSTS *in chancery*. While it is discretionary with the court in chancery to award costs, yet it seems not proper to require a new defendant who has been brought into the case by a cross bill, to pay any portion of the costs made under the original bill before he was made a party, especially when he had not acted unjustly or improperly in connection with

the matter in litigation, and had no interest in the same, and set up no claim of any such interest, and was not a proper party to the original bill.

2. When a party has acted unjustly and improperly with the matter in litigation, although he has no interest in the suit, and he is a proper party, he no doubt may be burthened with the costs in a chancery suit. But this should be made to appear in the proofs.

3. PARTIES IN CHANCERY—*bill to contest validity of a will.* In a proceeding in chancery to set aside a will which had been probated, it was *held,* that a person taking nothing under the will, and having no interest in the property affected by the will, as heir or otherwise, and not claiming any such interest, was not a proper party defendant, even had it appeared that he aided by fraud in procuring the execution of the will.

4. CHANCERY—*cross bill—its nature and object.* A cross bill is a bill by a defendant in a chancery suit against the plaintiff in the same suit, or against other defendants in the same suit, or against both, touching the matter in question in the original bill; and is usually brought either to obtain a discovery of facts in aid of the defense to the original bill, or to obtain fuller relief to all the parties touching the matters of the original bill.

5. SAME—*cross bill as to matter not connected with subject of original bill.* Where, after the compromise of an original bill filed to set aside a will on the ground that its execution had been obtained by fraud, and before decree taken, one of the defendants, an heir at law of the testator, filed his cross bill against the complainant, and A, who was not a party to the original bill, and who was not an heir or devisee, and who claimed no interest in the property affected by the will, charging that the latter had used undue influence to induce the making of the will, and that he set up some claim to a portion of the property of the deceased, and had occupied and used the same, seeking to charge him with the rent, but praying for no relief against the complainant: *Held,* that as the cross bill sought no relief against the complainant, it was defective and obnoxious to a demurrer; and that the matters alleged against A, the new defendant, if proper at all, were only grounds for making him a party to the original proceedings by a supplemental bill.

6. SAME—*practice on disclaimer.* Where the only ground for making one a party defendant to a cross bill who was not a party to the original bill, was, that he claimed an interest in the property to be affected by the decree sought, and he in his answer disclaimed all claim of title or interest: *Held,* that the cross bill should have been dismissed as to him.

7. PARTY *in chancery—remedy at law.* Where a cross bill in a chancery proceeding to contest the validity of a will brought in a new party as defendant, who had no interest in the subject matter of the litigation respecting the will, but who, it was alleged, was indebted to the estate for the

192        KENNEDY *v.* KENNEDY *et al.*        [Sept. T.

Opinion of the Court.

use and occupation of a house of the testator after the death of the latter: *Held*, that the fact of such indebtedness, if proved, did not make such person a necessary, or even a proper party, as a court of equity did not have jurisdiction to hear and determine that question, the remedy for the recovery of rent being ample at law.

8. RENTS—*effect of conveying title, as to rents.* Where property was devised by a testator to his sister, and pending a suit in chancery to set aside the will a receiver was appointed to receive the rents and profits, and the suit was compromised, before final decree, by the devisee conveying to the heirs at law of the testator, and the final decree established the will, thus showing her right to the property up to the date of her conveyance: *Held*, that the rents of the property which accrued before such conveyance, belonged to the devisee, and were not transferred by her conveyance of the title.

9. Rents in arrear are not assignable, nor is money due for use and occupation. The sale of the fee carries with it rents to fall due, or that may subsequently accrue under any lease, unless reserved, but not rents already accrued.

10. DECREE *in favor of one not a party—right to contest.* Where, pending a suit in chancery by the heirs of the testator to set aside the will, the matter was settled by the devisee conveying the property devised to her to the satisfaction of the heirs, and the court subsequently rendered a decree establishing the will and the trusts named therein, which recited that the heirs, pending the litigation, had conveyed to one G, one-fourth of the premises for professional services, and decreed the title to be in him and the heirs: *Held*, that a party to the suit on cross bill, who had no interest in the subject matter of the litigation, but who was sought to be charged for use and occupation of a part of the premises, could not assign for error that part of the decree which determined the interest of G in the premises.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

Mr. W. T. BURGESS, for the appellant.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a bill in chancery, filed by Ellen Kennedy, in the Recorder's Court of Chicago, against Ellen McCarty, and the other heirs of John Kennedy, deceased. The purpose of the bill was to have the will of deceased set aside and annulled,

on the alleged ground that its execution had been obtained by fraud. After the litigation had been started, a receiver was appointed to take possession of the real estate in controversy, and to receive the rents and take care of the property. It seems he obtained possession of a portion, and demanded possession of another portion of the house of appellant, who disclaimed any claim to the property or possession of the same. It appears that the portion of the house demanded of appellant, was occupied by testator, his mother, appellant and his own family, up to, and at the time of his death. After that occurred, all the persons left the house except testator's mother and his son Thomas, and it is contended appellant also remained, which is earnestly contested.

The will had been regularly probated, but a jury on a trial of an issue of fact, found against the validity of the will, but the court set aside the finding. Subsequently an arrangement was entered into by the parties, by which Mrs. McCarty conveyed the real estate devised to her to the satisfaction of the heirs, and subsequently the court rendered a decree establishing the will, and the trusts named therein. The decree recites that the heirs, pending the litigation, had conveyed to Andrew Garrison one-fourth of the premises for professional services, etc., and the court decrees the title to be in him and them.

After the compromise, and before a final hearing on the original bill, John Kennedy, one of the heirs of testator, filed what is denominated a cross bill, against appellant, who had not previously been a party to the suit, and the complainant in the original suit, but asking no relief against her. This bill charges that appellant had used undue influence to induce the making of his father's will; that appellant set up some claim to some of the property of deceased, and had been in the use and occupancy " as he wanted and required " of the house 39 Newberry Avenue; that he and his brother and mother continued to use the same. He answered, denying all claim

13—66TH ILL.

to the property, denied the possession and use of the property, and demurred to the bill, and traversed all the allegations of the bill. On the hearing of the original and cross bills, the court, amongst other things, found that he had used and occupied the house No. 39, and was liable to account for rents to the amount of $1798 for the use and occupation of the house, and that he pay one-third of the costs of litigation under both the original and cross bills. From that decree he has appealed to this court, and assigns the action of the court for error.

Preliminary to the discussion of the material questions presented on the record, we will say that whilst it is discretionary with the court in chancery to award costs, still we can see no reason for requiring appellant to pay any portion of the costs under the original bill. He was in nowise a party to it, nor do we see, from the evidence, that he was guilty of any inequitable conduct in connection with the subject matter of the suit, nor does the court so find. Then why impose costs upon him for litigation with which he was not connected, and to which he did not contribute? When a party has acted unjustly or improperly in connection with the matter in litigation, although he has no interest in the suit, and he is a proper party, he may, no doubt, be justly burthened with costs; but nothing of the kind appears in this case.

Under the demurrer, the question is presented, whether this bill can be maintained against appellant. Story, in his work on Equity Pleadings, section 389, defines a cross bill to be "A bill brought by a defendant in the suit against the plaintiff in the same suit, or against other defendants in the same suit, or against both, touching the matter in question in the original bill." A bill of this kind, he says, "Is usually brought either as necessary to a discovery of facts in aid of the defense to the original bill, or to obtain full relief to all parties, touching the matters of the original bill." Now, whilst

this bill was nominally against complainant as well as appellant, it showed no grounds for relief against her, nor did it pray any. It was, therefore, defective, and the demurrer should have been sustained to it. Merely praying that complainant be made a defendant without showing grounds of relief, does not conform to the rule of pleading, and to maintain such a cross bill would be an unwarranted evasion of the rule. Had the demurrer been sustained to this bill, as it should have been, there could have been no pretense for retaining it against appellant. All the grounds alleged against him were, if proper, only grounds for making him a party to the original proceeding by a supplemental bill.

The allegation, even had it been sustained, that he aided by fraud in procuring the execution of the will, did not, of itself, render him even a proper party to the original bill, as he had no interest in the property, nor did he claim any, and the evidence does not prove, or tend to prove, that he did. The mere unsupported allegation, that he claimed an interest, would not render him a proper party, and had that been the only ground for making him a party, the bill should have been dismissed when he solemnly disclaimed all claim of title. The unsupported allegation of fraud and claim of interest did not authorize the court to retain the cross bill against him.

It however may be urged, that as it was alleged he had used and occupied the house and owed the estate for the same, that fact would confer jurisdiction on the court to hear that question, and to render a decree. This, we think, is not true. The tenants who occupied another portion of the house, would, on the same principle, be proper parties, and so would any person owing money to the estate. The one would be as much within the rule as the other. But we can discover no grounds for making them parties to either the original or cross bill. There, then, was no legal ground for retaining this bill. The remedy for the recovery of the rent, if any

was due, was ample and complete at law.  An attentive consideration of the evidence, we think, fails to show that appellant did occupy the house as alleged, and that he was liable for the rent.

He, when called on for the possession by the receiver, disclaimed having possession, and the evidence, we think, only shows that he was occasionally there from a short period after his brother's death.  Again, the evidence shows that the receiver obtained possession of a part of the house, and it was manifestly wrong, in any event, to charge him with the rents for that portion, even if he is liable for some rent.

Again, the larger portion of the rent accrued whilst Mrs. McCarty held the legal title, and, as the legal owner, she was entitled to any rents or sum that may have accrued for use and occupation.  This seems to be a principle so elementary that it must be generally recognized by the profession.  Another rule, equally elementary, is that rents in arrear are not assignable, nor is money due for use and occupation.  The sale of the fee carries with it rents to fall due, or that may subsequently accrue, under any lease, unless reserved, but not rents already accrued.  The deed, then, from Mrs. McCarty did not carry with it rents then due, or money due for use and occupation prior to that time.  The establishment of the will by consent of all parties, fails to show that she was not legally and equitably entitled to hold the rents and money due for use and occupation at the time she conveyed to the heirs, and there is no evidence to show she was not, but, on the contrary, established her right thereto, and she has not made any effort to assign her claim to the heirs.  On the contrary she receipted to appellant for all rents due at the time she conveyed, and had he occupied the premises afterwards till the decree was rendered, the rents could not have exceeded the sum of $720.  The decree is erroneous in this respect as well as in others already indicated.

It is urged that Garrison was not made a party to the original bill, and that the decree is erroneous in finding and

determining that he had any interest in the estate. Whether this objection is valid or not, we are unable to determine, as the original bill is not before us, and even if it was it is not apparent how that matter can, in any manner, affect appellant's rights. That is a matter in which he has no concern.

But for the errors indicated the decree of the court below is reversed and the cause remanded.

*Decree reversed.*