ELLEN P. VAIL

v.

WILLIAM J. ARKELL AND LUCY W. DREXEL ET AL.

*Cross-bills—Judgment and Decrees.*

1. A cross-bill is a bill filed by a defendant in a given suit against the plaintiff therein, or other defendants therein, or both, touching the matter in question in the original bill.

2. In the case presented, the original bill prayed for an injunction restraining persons named from interfering with certain premises. The defendants therein filed a cross-bill asking for an injunction restraining complainant and another from interfering with the taking possession thereof by them. A second cross-bill was filed by a third person, claiming a right to redeem the same; she was made a party to both bill and cross-bill, in neither of which was any allegation showing why she should be a party, neither showing any ground of relief against her, nor asking for any. This court holds that she could have successfully demurred to both.

3. Where a trial court renders a decree variant from that directed by the Appellate Court in a given case, an appeal may be had therefrom, or a writ of error sued out. A court of equity will not look with favor upon a claim that such decree was rendered, where it is not made for some years after the rendition thereof.

4. This court holds that there is nothing in the charge that the master began the publication of notice of sale prior to the expiration of the time fixed for payment, that the amendment to the decree was purely formal, and that the decree remained a judgment as of the date of its entry.

[Opinion filed December 7, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.

One Annie M. Miller filed in the Circuit Court her bill for an injunction restraining William J. Arkell and Lucy W.

Drexel from interfering with her possession of certain premises, she claiming an interest therein by virtue of an alleged lease by Joseph W. Drexel, to her, of certain premises described as block five (5), etc., in certain subdivisions of the north half ($\frac{1}{2}$) of Sec. nineteen (19), township thirty-eight (38), range fourteen (14). Ellen P. Vail was made a party defendant, the only allegation as to her, being that she claimed some interest in the premises. No relief against her was asked.

The defendants, Arkell and Drexel, answered the bill, denying that the complainant had any such lease or any interest equitable or otherwise in the said premises, and filed a cross-bill alleging that the said Annie M. Miller and Alexander Miller, being unlawfully in possession of lots in said block five, exercise acts of ownership over the whole block of which they allege they are the owners, and trespass upon the rights of complainants in said cross-bill, and that said Annie and Alexander Miller threaten and intimidate the tenants of orators on said premises, and threaten to commit further trespasses and to drive off with force orators' tenants and prevent orators from taking possession of said premises by tenants. The cross-bill asked for an injunction against the said Annie and Alexander Miller, restraining them, etc. Ellen P. Vail was made a party defendant to this cross-bill, but the bill set up no title in her and asked for no relief as against her.

Ellen P. Vail answered the bill of Annie M. Miller, the cross-bill of Drexel and Arkell, and filed her cross-bill, alleging that on the 14th day of July, 1883, she was the owner of an equal undivided half part of the lots and lands in said bill and cross-bill described, and of the north half of Sec. 19 in the town of Lake, in the county of Cook and State of Illinois, subject to the payment of certain purchase money to one Joseph W. Drexel; that in March, 1875, Joseph W. Drexel filed his bill to foreclose the agreement of purchase under which the said Ellen P. Vail claimed title, making her and others parties defendant thereto; that a decree was entered decreeing the payment of the money found due on such contract within sixty days; that she sued out a writ of error to

reverse said decree, and it was reversed by the Appellate
Court and ordered to be set aside and wholly for nothing
esteemed; that said cause was docketed in the Circuit Court,
and the bill, against the protest of her, the said Ellen P. Vail,
amended, but that the amendments did not materially alter
the allegations of the bill as passed upon by the Appellate
Court; that said bill was without equity; that the only order
the Circuit Court was authorized to make was an order dis-
missing the bill; but notwithstanding this, the Circuit Court
entered a pretended decree inconsistent with the opinion and
decree of the Appellate Court; that by said decree the de-
fendants thereto were ordered to pay the sum of $135,842.45,
with interest and costs. And thereupon the complainant,
Joseph W. Drexel, was to execute and deliver a warranty deed
of said premises. The cross-bill further sets forth that said
decree was in direct violation of the order of the Appellate
Court, and of the law of the case as determined by the Appel-
late Court; that notwithstanding the order of the Appellate
Court, said decree ordered that in default of such payment
the said land should be sold by the master, and that out of the
proceeds the master should pay to said Drexel the amount
found due as aforesaid, with interest, etc. Alleges that said
decree was illegal and void because it contained no provision
for redemption. That said decree was amended October 9,
1883. Further alleges that the master gave public notice for
three weeks that he would sell said premises; alleges that no
valid notice could be given until the expiration of thirty days
from the date of said amendment to said decree. That the
date of the first publication of notice was October 13, 1883,
and of the last, October 27, 1883. Alleges that said notice
was premature, illegal, unauthorized and void; that said de-
cree was placed upon the record of said Circuit Court at the
September term, 1883, of said court. Alleges that complain-
ant and her co-defendants were entitled to thirty days from
and after the expiration of said September term of said Cir-
cuit Court in which to pay said sum so found due as aforesaid.
That on the 5th day of November said master pretended to
offer said premises for sale; that there was no bidder save

Vail v. Arkell.

said Drexel, and that he became the purchaser. Alleges that while said decree and sale are void, yet complainant offers to pay the amount of said decree, together with interest and costs; that the master has not made to said Drexel any valid conveyance of the said premises or any part thereof; and that no valid conveyance can be made, and that she and her co-defendants have the right to redeem said premises. Waives answer under oath and prays for a discovery as to all sales of any portion of said premises, an accounting, and, after payment by her of the amount so found due as aforesaid with interest and costs, a conveyance of said premises by the defendants to complainant and her co-defendants.

A demurrer to this cross-bill was filed by Lucy W. Drexel and Wm. J. Arkell, executors of the last will of Joseph W. Drexel and Lucy W. Drexel, which demurrer was sustained and the bill dismissed.

Messrs. ROBERT RAE and JAMES W. BEACH, for appellant.

The *status* as to the legal ownership of the property in question at the time of the making of the lease to the complainant Miller was fixed and determined by this court in the case of Vail, impleaded with, etc., v. Joseph W. Drexel, 9 Ill. App. 349. It was then ruled that Asa Vail was the owner of the premises and Drexel the mortgagee.

The original bill prayed for an injunction restraining Arkell and Mrs. Drexel, representatives of the estate of Drexel, deceased, and also prayed for the enforcement of the lease in question and to quiet complainant's possession. The cross-bill of Arkell and Mrs. Drexel was for a decree canceling the lease and compelling the lessee to surrender possession of the premises to them and not to Mrs. Vail. The cross-bill was germane to the original bill of complaint.

The cross-bill of Ellen P. Vail, who was a defendant to the original bill of Mrs. Miller and also the defendant in the cross-bill of Drexels, was brought for the purpose of cross-litigation for the purpose of obtaining the benefit of a former decree of the court and of carrying it into execution, and was brought for the purpose of giving her affirmative relief on the

matters and things set up as a defense to the pretensions and claims of the Drexels in their cross-bill, and is responsive to the allegations set up in said cross-bill. As to new matter so responsive, it is a supplemental bill against the Drexels, and protective of the title of the Millers to the term held by them under the lease made by Vail, and which rights the Millers' original bill is filed to preserve. Story's Equity Pleading, p. 16.

The cross-bill of Arkell and Mrs. Drexel and the cross-bill of Ellen P. Vail were properly filed. Cooper's Equity Pleading.

The pleadings under the cross-bill of Arkell and Mrs. Drexel are very similar to those found on the common law side of the court in the old case known as " Shelly's case," where Henry Shelly, claiming a covenant broken in the lease, entered *vi et armis* and disseized and ejected óne Nicholas Wolfe, the lessee, who sued him in trespass *quare clausum fregit.* Notwithstanding he was his landlord, the court stopped to inquire as to the title of Henry Shelly, before inquiring into the merits of the cause, whether any condition of the lease had been broken. 1 Coke, 87 b—88 ab.; Fraser, Ed. 219.

The decree entered in the Circuit Court being inequitable, and assailable, and Arkell and Mrs. Drexel having filed their cross-bill against Ellen P. Vail, she can in this cause maintain her cross-bill and attack said decree. Loyd v. Kirkwood, 112 Ill. 329.

Mr. Arkell and Drexels having filed a cross-bill, claiming title and asking affirmative relief, which may adversely affect Mrs. Vail's title, the court will, upon a cross-bill filed by Mrs. Vail defensive of her title, look into the foreclosure proceedings under which Drexels' title is derived as against Mrs. Vail, to see whether it is just and equitable that they shall have such relief; the court will not lend itself to technical estoppels, but will grant to a complainant in an original or cross-bill only what in equity and conscience he ought to have. Wadhams v. Gay, 73 Ill. 415; Bean v. Smith, 2 Mason, 252; Hamilton v. Houghton, 2 Bligh (P. C.), 169.

Arkell and Mrs. Drexel have alleged against Mrs. Vail an

estate in fee simple, although to obtain affirmative relief as
against Miller, it need not have been alleged to that extent;
yet as Mrs. Vail was made a party to the cross-bill of Arkell
and Mrs. Drexel, under a pretense of adverse title, she may
set up in her answer as at common law a general traverse of
title or estate to the extent of which it is alleged.    Stephen
on Pleading, 240, and authorities there cited.

Messrs. HUTCHINSON & LUFF, for appellees.

The matters set forth in the cross-bill are new and distinct
from the matters embraced in the original bill and not ger-
mane thereto, and the demurrer was properly sustained.    The
cross-bill seeks no relief against the complainant in the orig-
inal bill.    Daniell's Ch. Pl. and Pr. 1548; Daniel v. Morrison, 6
Dana, 186; Slason v. Wright, 14 Vt. 208; Kennedy v. Ken-
nedy, 66 Ill. 190; Gage v. Mayer, 117 Ill. 636.

The cross-bill is barred by *laches* and lapse of time, more
than seven years having elapsed since the decree and sale
complained of and no excuse for the delay being shown.
Fergus v. Woodworth, 44 Ill. 374; Hay v. Baugh, 77 Ill. 500;
Bush v. Sherman, 80 Ill. 160; Hoyt v. Pawtucket Inst. for
Savings, 110 Ill. 390, and cases cited.

A bill of review must be filed within the time allowed by
statute for the suing out of a writ of error.    Sloan v. Sloan,
102 Ill. 581.

The matters contained in the cross-bill are *res adjudi-
cata*.

The decree of July 14, 1882, was final, in that it settled all
the equities between the parties, and left nothing to be done
but to execute the decree.    The amendment was made by
consent; it was purely formal, made no change in the equities
of the parties, and was in the interest of the defendants.
Black on Judgments, Secs. 41, 43, 154, 155, 156, 157, 161.

WATERMAN, P. J.    A cross-bill is defined by Story in his
work on Equity Pleadings, Sec. 389, to be "a bill brought by
·a defendant in the suit against the plaintiff in the same suit,
or against other defendants in the same suit, or against both,
touching the matter in question in the original bill."

It is quite manifest that the cross-bill of Ellen P. Vail is not touching the matters in question in the original bill of Annie M. Miller; that bill is based entirely upon the charge that she, Annie Miller, has a lease, with rent paid up for twenty years, to certain premises; and is therefore entitled to be neither harassed nor disturbed by the executors of Joseph W. Drexel, by whom it is alleged the lease was made. Nor is the cross-bill of Ellen P. Vail touching any of the matters in question in the cross-bill filed by the executors of Joseph Drexel. That bill is based upon the allegation that they are owners of certain premises and that Annie Miller and Alexander Miller are interfering with their use and enjoyment of the same, and have committed, and threaten to commit, divers trespasses, etc. Ellen P. Vail having been made a party to the original bill and to the cross-bill without any allegation showing why she should be a party, as neither bill showed any ground of relief against her, and neither asked for any, she could have sucessfully demurred to each of these bills. Kennedy v. Kennedy, 66 Ill. 190–195.

Nor was she, as is urged, ordered to answer the cross-bill; she was ruled to plead, answer or demur to the same. The matters set up in the cross-bill of appellant are in no respect germane to those of the original bill or cross-bill of Drexel and Arkell.

Appellant alleges that the Circuit Court disregarded the order of the Appellate Court, and rendered a decree in violation of such order. If this is so, such action upon the part of the Circuit Court was error, but its decree was not therefore void; if the Circuit Court rendered a decree variant from that directed by the Appellate Court, appellant might then have appealed from that decree or sued out a writ of error; instead of this she allows nearly eight years to elapse ere she complains of this decree, which she now says was unauthorized and void. More than seven years have elapsed since the sale took place under this decree, during all of which time she has been inexcusably silent. Nothing is alleged which, during all this time, she has not known. One guilty of such *laches* is not favorably regarded by a court of equity. Munn

v. Burgess, 70 Ill. 604; May v. Baugh, 77 Ill. 500; Bush v. Sherman, 80 Ill. 160; Hoyt v. Pawtucket Inst. for Savings, 110 Ill. 390; Hamilton v. Lubukee, 51 Ill. 415; Dempster v. West, 69 Ill. 613.

Appellant charges that the master began the publication of notice of the sale by him made; prior to the expiration of the time fixed for payment by the defendants of the sum found due. The decree was entered July 14, 1883—the first publication of notice of sale was October 13, 1883.

Appellant, however, contends that as the decree was amended on the 9th day of October, 1883, the thirty days began to run from that time. The amendment, it appears, was made by stipulation of the parties, of whom appellant was one, and was purely formal, being merely to correct certain clerical errors. The decree remained a judgment as of the date of its entry, July 14, 1883. Black on Judgments, Sec. 154; Coughran v. Gutchens, 18 Ill. 390; Smith v. Wilson, 26 Ill. 186.

The allegation that the master has never made to Joseph W. Drexel, his heirs, executors or assigns, any valid conveyance of the premises, is a mere conclusion of the pleader. What conveyance he has made so that the court can determine as to its validity, is not shown.

The demurrer to appellant's cross-bill was properly sustained, and the decree dismissing the same is affirmed.

*Decree affirmed.*