# ELLEN P. VAIL

*v.*

## WILLIAM J. ARKELL *et al.*

*Filed at Ottawa March 31, 1893.*

1. CHANCERY—*effect of cross-bill—does not open litigation decided theretofore.* The filing of a cross-bill in a suit for an injunction against the complainants in the original bill, and making a defendant therein a defendant in the cross-bill, against whom no relief is sought, does not have the effect of opening up the litigation between the latter and the complainants in the cross-bill before that time finally decided.

2. JUDICIAL SALE—*on foreclosure divests party of his interest in land.* A decree of sale on the foreclosure of a mortgage, a sale thereunder, and a master's deed to the purchaser, if valid, will have the effect of extinguishing the right and interest of the defendant in the bill to foreclose.

3. SAME—*allegation of the invalidity of master's deed.* An allegation in a bill to set aside a sale, that the master never made a valid conveyance, is a mere conclusion of the pleader, and is bad. When it appears that a deed was made, and no defects are alleged or the deed set out so that the court can determine its validity, it will be presumed to have been made in conformity with the decree authorizing the same.

4. SAME—*notice of sale when time is given for payment.* A decree of foreclosure entered July 14, 1883, fixed thirty days as the time allowed for payment. The first publication of the notice of sale by the master was October 13, 1883. On October 9, 1883, the decree was amended by stipulation of the parties, merely correcting a clerical error and permitting judgment creditors to redeem: *Held,* that the amendment in nowise changed the form, force or effect of the decree, and authorized the publication made by the master.

5. The amendment of a decree of sale in a mere formal matter, not changing the rights of the parties, after the time has expired for payment, will not invalidate the publication of notice of the sale made four days after such amendment.

6. DECREE—*error in rendition does not render it void.* If the trial court, on the reversal of a decree and its remandment with directions, departs from the mandate of the Appellate Court in rendering a second decree, it will be error, but the latter decree will not be necessarily void. In such case the defendant's remedy is by appeal or writ of error.

7. LACHES—*in taking steps to set aside an erroneous decree.* Eight years' delay in filing a bill to set aside an erroneous decree is a bar to equitable relief, when no fraud is alleged or shown.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

The following statement by the Appellate Court sufficiently presents the questions involved:

"One Annie M. Miller filed in the circuit court her bill for an injunction restraining William J. Arkell and Lucy W. Drexel from interfering with her possession of certain premises, she claiming an interest therein by virtue of an alleged lease by Joseph W. Drexel to her of certain premises described as block 5, in certain subdivisions of the north half of section 19, township 38, range 14. Ellen P. Vail was made a party defendant, the only allegation as to her being that she claimed some interest in the premises. No relief against her was asked.

"The defendants, Arkell and Drexel, answered the bill, denying that complainant had any such lease, or any interest, equitable or otherwise, in the said premises, and filed a cross-bill, alleging that the said Annie M. Miller and Alexander Miller, being unlawfully in possession of lots in said block 5, exercise acts of ownership over the whole block of which they allege they are the owners, and trespass upon the rights of complainants in said cross-bill, and that said Annie and Alexander Miller threaten and intimidate the tenants of orators on said premises, and threaten to commit further trespasses, and to drive off, with force, orators' tenants, and prevent orators from taking possession of said premises by tenants. The cross-bill asked for an injunction against the said Annie and Alexander Miller, restraining them, etc. Ellen P. Vail was made a party defendant to this cross-bill, but the bill set up no title in her and asked for no relief as against her.

"Ellen P. Vail answered the bill of Annie M. Miller, the cross-bill of Drexel and Arkell, and filed her cross-bill, alleging that on the 14th day of July, 1883, she was the owner of an

equal undivided half part of the lots and lands in said bill and cross-bill described, and of the north half of section 19, in the town of Lake, in the county of Cook and State of Illinois, subject to the payment of certain purchase money to one Joseph W. Drexel; that in March, 1875, Joseph W. Drexel filed his bill to foreclose the agreement of purchase under which she, said Ellen P. Vail, claimed title, making her and other parties defendants thereto; that a decree was entered decreeing the payment of the money found due on such contract, within sixty days; that she sued out a writ of error to reverse said decree, and it was reversed by the Appellate Court and ordered to be set aside and wholly for nothing esteemed; that said cause was redocketed in the circuit court, and the bill, against the protest of her, the said Ellen P. Vail, amended, but that the amendments did not materially alter the allegations of the bill as passed upon by the Appellate Court; that said bill was without equity; that the only order the circuit court was authorized to make was an order dismissing the bill, but notwithstanding this, the circuit court entered a pretended decree inconsistent with the opinion and decree of the Appellate Court; that by said decree the defendants thereto were ordered to pay the sum of $135,842.45, with interest, and costs, and thereupon the complainant, Joseph W. Drexel, was to execute and deliver a warranty deed of said premises. The cross-bill further sets forth that said decree was in direct violation of the order of the Appellate Court, and of the law of the case as determined by the Appellate Court; that notwithstanding the order of the Appellate Court, said decree ordered that in default of such payment the said land should be sold by the master, and that out of the proceeds the master should pay to said Drexel the amount found due as aforesaid, with interest, etc.; alleges that said decree was illegal and void, because it contained no provision for redemption; that said decree was amended October 9, 1883; further alleges that the master gave public notice, for three weeks, that he

would sell said premises; alleges that no valid notice could be given until the expiration of thirty days from the date of said amendment to said decree; that the date of the first publication of notice was October 13, 1883, and of the last, October 27, 1883; alleges that said notice was premature, illegal, unauthorized and void; that said decree was placed upon the record of said circuit court at the September term, 1883, of said court; alleges that complainant and her co-defendants were entitled to thirty days from and after the expiration of said September term of said circuit court in which to pay said sum so found due, as aforesaid; that on the 5th day of November said master pretended to offer said premises for sale; that there was no bidder save said Drexel, and that he became the purchaser; alleges that while said decree and sale are void, yet complainant offers to pay the amount of said decree, together with interest and costs; that the master has not made to said Drexel any valid conveyance of the said premises, or any part thereof, and that no valid conveyance can be made, and that she and her co-defendants have the right to redeem said premises; waives answer under oath, and prays for a discovery as to all sales of any portion of said premises, an accounting, and, after payment by her of the amount so found due as aforesaid, with interest and costs, a conveyance of said premises by the defendants to complainant and her co-defendants."

A demurrer to this cross-bill by the executors of Joseph W. Drexel and Lucy Drexel was sustained and the cross-bill dismissed. On appeal to the Appellate Court from such order the decree was affirmed.

Mr. Robert Rae, and Mr. James W. Beach, for the appellant:

The ownership of the property was in Vail at the time of the execution of the lease to Miller. *Vail* v. *Drexel,* 9 Bradw. 349.

The cross-bill of Ellen P. Vail, who was a defendant to the original bill of Mrs. Miller, and also the defendant in the cross-bill of the Drexels, was brought for the purpose of cross-litigation, for the purpose of obtaining the benefit of a former decree of the court and of carrying it into execution, and for the purpose of giving her affirmative relief on the matters and things set up as a defense to the pretensions and claims of the Drexels in their cross-bill, and is responsive to the allegations set up in said cross-bill. As to new matter so responsive, it is a supplemental bill against the Drexels, and protective of the title of the Millers to the term by them under the lease made by Vail, and which rights the Millers' original bill is filed to preserve. Story's Eq. Pl. 16.

The cross-bill of Arkell and Mrs. Drexel, and the cross-bill of Ellen P. Vail, were properly filed. Cooper's Eq. Pl.

The decree entered in the circuit court being inequitable and assailable, and Arkell and Mrs. Drexel having filed their cross-bill against Ellen P. Vail, she can in this cause maintain her cross-bill and attack said decree. *Lloyd* v. *Kirkwood,* 112 Ill. 329.

Arkell and the Drexels having filed a cross-bill claiming title and asking affirmative relief which may adversely affect Mrs. Vail's title, the court will, upon a cross-bill filed by Mrs. Vail, defensive of her title, look into the foreclosure proceedings under which the Drexel title is derived, as against Mrs. Vail, to see whether it is just and equitable that they shall have such relief. The court will not lend itself to technical estoppels, but will grant to a complainant in an original or cross-bill only what in equity and conscience he ought to have. *Wadhams* v. *Gay,* 73 Ill. 415; *Bean* v. *Smith,* 2 Mason, 252; *Hamilton* v. *Houghton,* 2 Bligh, P. C. 169.

Arkell and Mrs. Drexel have alleged against Mrs. Vail an estate in fee simple, although to obtain affirmative relief as against Miller it need not have been alleged to that extent; yet as Mrs. Vail was made a party to the cross-bill of Arkell

and Mrs. Drexel under a pretense of adverse title, she may set up in her answer, as at common law, a general traverse of title or estate to the extent it is alleged. Stephens' Pl. 240, and authorities there cited.

On receipt of the mandate and opinion, the circuit court was bound to carry into complete effect the decision of the Appellate Court not to re-try the cause, or place the complainants in a position by which the cause might be re-tried. *Wadhams* v. *Gay*, 83 Ill. 251; *Buck* v. *Buck*, 119 id. 613.

Messrs. HUTCHINSON & LUFF, for the appellees:

The matters set forth in the cross-bill are new and distinct from the matters embraced in the original bill, and not germane thereto, and the demurrer was properly sustained. The cross-bill seeks no relief against the complainant in the original bill. Daniell's Ch. Pr. and Pl. 1548; *Daniel* v. *Morrison*, 6 Dana, 186; *Slason* v. *Wright*, 14 Vt. 208; *Gage* v. *Meyer*, 117 Ill. 636; *Kennedy* v. *Kennedy*, 66 id. 190.

The cross-bill is barred by *laches* and lapse of time, more than seven years having elapsed since the decree and sale complained of, and no excuse for the delay being shown. *Fergus* v. *Woodworth*, 44 Ill. 374; *Hay* v. *Baugh*, 77 id. 500; *Bush* v. *Sherman*, 80 id. 160; *Hoyt* v. *Pawtucket Inst. for Savings*, 110 id. 390, and cases cited.

A bill of review must be filed within the time allowed by statute for the suing out of a writ of error. *Sloan* v. *Sloan*, 102 Ill. 581.

The matters contained in the cross-bill are *res judicata*. The decree of July 14, 1882, was final, in that it settled all the equities between the parties, and left nothing to be done but to execute the decree. The amendment was made by consent. It was purely formal, made no change in the equities of the parties, and was in the interest of the defendants. Black on Judgments, secs. 41, 43, 154, 155, 156, 157, 161.

As to the proceedings and decree in said suit, and as to all of said land except said lots in block 5, the cross-bill is clearly not germane. Daniell's Ch. Pl. and Pr. 1548; *Kennedy* v. *Kennedy*, 66 Ill. 190.

The decree of the circuit court entered on the 14th day of July, 1883, was in all respects a final decree. It settled all the equities between the parties, and left nothing to be done but to carry the decree into execution.

The amendment, made by consent and now for the first time complained of, was purely formal in its character, and made no change whatever in the equities of the parties as settled by the decree. Although further acts or directions may be necessary to carry the decree into effect, it is still final if it settles the equities. 1 Black on Judgments, sec. 43.

Where it terminates the litigation between the parties on the merits of the case, and leaves nothing to be done but to enforce, by execution, what has been determined, it is a final decree. 1 Black on Judgments, sec. 41; *Hofferbert* v. *Klinkhardt*, 58 Ill. 450; *Coughan* v. *Eutchens*, 18 id. 390; *Smith* v. *Wilson*, 26 id. 187.

But under the decree in question, providing for a master's sale of the premises, appellant had the undoubted right, under the statute, to redeem from the sale within twelve months, without the amendment. Rev. Stat. chap. 77, sec. 18.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

It is not true, as seems to be supposed, that the cross-bill of Arkell and Drexell had the effect of opening up the litigation which was brought to a final determination July 14, 1883. It was then found that the interest of Mrs. Vail, appellant, and those under whom she claims, in the property there in dispute, and of which the lot mentioned in the original bill in this cause formed a part, was as mortgagee, only, and a foreclosure thereof decreed, and a sale was ordered and made to

24—146 ILL.

satisfy the amount found to be owing. The sale under said decree was made November 5, 1883, and no redemption having been made, a conveyance of the property was made to the purchaser, Joseph W. Drexel. The decree of sale, and deed made thereunder, if valid, had the effect of extinguishing the right and interest of appellant in and to the property.

It is alleged, however, that the master never made a valid conveyance. This is a mere conclusion of the pleader. That a deed was made is not questioned, and as no defects are alleged, or the deed set out so that the court can determine its validity, it must be presumed to have been in conformity with the decree authorizing the same.

It is also urged that the allegation of the bill that the master sold without having given proper notice, gave the court jurisdiction to entertain the bill to set aside the sale. The matter complained of is, as alleged, that the master commenced the publication of notice of the sale prior to the expiration of the time fixed for payment by the decree. The decree was entered July 14, 1883, and the first publication of notice was October 13, 1883. The time fixed for the payment was thirty days from the rendition of the decree.

It is, however, contended, that the decree was amended October 9, 1883, and although the amendment was made by stipulation of the parties, and was purely formal, the thirty days began to run from that time. An examination of the record shows that the amendment consisted merely of a correction of a clerical error, and the insertion of a clause permitting judgment creditors to redeem. The amendment in nowise changed the form, force or effect of the decree. It was a final decree July 14, 1883, and remained in force, authorizing the publication made. Black on Judgments, 154; *Smith* v. *Wilson,* 26 Ill. 186; *Coughran* v. *Gutchens,* 18 id. 390.

It is said that error intervened in rendering said decree, because the court departed from the mandate of the Appellate Court, upon appeal to that court from a former decree ren-

dered in said cause. If this was conceded, which it can not be, the decree would be erroneous but not necessarily void, and appellant had ample remedy by writ of error or appeal, had she prosecuted the same. It is not alleged that appellant was under any disability, or that all the matters of which she now complains were not within her knowledge, nor is it pretended that anything has occurred since the rendition of the decree of July 14, 1883, that would in any manner change the rights of the parties. Practically eight years had elapsed prior to the filing of her cross-bill, in which appellant has slept upon her rights, if any she had, and the familiar doctrine that courts of equity will not lend their aid in enforcing stale claims must apply. *Hamilton* v. *Lubukee,* 51 Ill. 415; *Dempster* v. *Wert,* 69 id. 613; *Munn et al.* v. *Burgess,* 70 id. 604; *Hay* v. *Baugh,* 77 id. 500; *Hoyt* v. *Pawtucket Inst. for Savings,* 110 id. 390.

It is insisted, however, that because, in the litigation with Miller, appellees Arkell and Drexel, by their cross-bill, claimed title to the property in controversy in said Joseph W. Drexel and his heirs, and sought to set aside the leasehold estate claimed by Miller, appellant may, on cross-bill, re-litigate the matters that were adjudicated in the former proceeding. Her cross-bill is not, either in its frame or prayer, a bill of review or a bill in the nature of a bill of review, nor does it seek to set aside the decree for fraud. As before seen, the right and interest of appellant in the property in question were adjudicated and settled by the decree in the former case, rendered July 14, 1883, and until reversed, annulled or impeached that decree is conclusive.

We are of opinion that upon both of the grounds stated the demurrer to the cross-bill of appellant was properly sustained. It will not be necessary to discuss the further points made.

The judgment of the Appellate Court affirming the decree dismissing the cross-bill will be affirmed.

*Judgment affirmed.*