CASE 57.—ACTION BY JANE CHILDERS AND OTHERS
   AGAINST MORGAN GAYHEART.—March 11, 1910.

## Gayheart v. Childers, &c.

Appeal from Knott Circuit Court.

D. W. GARDINER, Circuit Judge.

Judgment for plaintiffs, defendant appeals.—
Affirmed.

1.  Appeal and Error—Reversal—Subsequent Proceedings—Suit
    in Equity and at Law. —Where a judgment at law is reversed
    on appeal, the trial court may award a new trial and permit
    the introduction of additional evidence, but, on the reversal
    of a decree in equity completely determining the rights of
    the parties, the court is not authorized to grant a new trial,
    but should render judgment in accordance with the decision
    of the Court of Appeals.

2.  Appeal and Error—Reversal—Judgment—Validity.—Where,
    after reversal of a decree in equity, the court erroneously
    granted a new trial and permitted the introduction of new
    evidence, and entered a judgment not in conformity with the
    opinion of the Court of Appeals, such judgment was errone-
    ous and not void, and was therefore subject to vacation only
    on appeal.

3.  Mandamus—Rendition of Judgment.—While mandamus lies
    to compel a trial court to act in a matter before it and de-
    cide the case according to its judgment, the writ does not lie
    to compel the court to act in any particular manner.

4.  Judgment—Rendition— Defects—"Misprision"—Civ. Code Prac.
    Sec. 517, defines "misprision" of a clerk to consist in the ren-
    dition of judgment before the action stands for trial, or to
    render judgment against an infant, excepting married women
    or persons of unsound mind, until a defense or report is filed
    pursuant to section 36, subsec. 3.  Held not to include the ren-
    dition of a judgment not in compliance with a prior order of
    the Court of Appeals in an equity suit after a retrial erroneous-
    ly granted by the court; such error being judicial, and not
    ministerial.

SMITH & COMBS for appellant.

J. M. BAKER, for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE NUNN—
Affirming.

In the year 1884 appellees instituted an action in
the Knott circuit court against appellant to recover
about 36 acres of land, and for a sale of it and a
division of the proceeds. The case was tried and
judgment rendered in favor of appellees on April 8,
1893. An appeal was prosecuted to this court, and
in the month of October, 1897, this court reversed
that judgment, and the case was "remanded with di-
rections to award appellant a new trial, and for
further proceedings consistent with this opinion."
42 S. W. 730, 19 Ky. Law Rep. 1052. The mandate
was filed in the lower court, and the case remained on
the docket until the month of November, 1902, when
it was again tried and another judgment rendered in
behalf of appellees. (In the meantime, however, ad-
ditional proof had been taken). In that judgment
the following recital appears: "The court advised
is of the opinion that the evidence introduced by
plaintiffs since the return of this cause from the
Court of Appeals overturns the conclusion that a
divisional line was ever made between the lands
claimed by plaintiff and that claimed by defendants."
No part of the record of the case referred to is
copied into this record, except the two judgments
cited and one or two orders of continuance of the
case. We have no information as to whether that case
was prosecuted in equity or at law, except the state-
ment of appellant's counsel in their brief and in their
notice of their motion in the case at bar. No brief
has ever been filed for appellees. There are some

statements in the record before us from which it may
be reasonably inferred that it was in equity, but
there are others indicating that it might have been
prosecuted as an ordinary action. For instance, the
action was brought for the recovery of land from
appellant which it was alleged he was wrongfully in
the possession of, and for the value of some timber
trees taken therefrom, and the judgment of this court
remanding the case for a new trial. These facts
would indicate that it was prosecuted at law. The
fact that appellee sought a sale of the land and a
division of the proceeds in the same action, and the
recital indicating that the proof had been taken by
deposition, would justify an inference that it was
prosecuted in equity. The second judgment, the one
rendered in November, 1902, has never been reversed,
modified, vacated, or appealed from, so far as this
record shows. On July 22, 1908, pursuant to a notice
executed upon appellees, appellant entered a motion
in the Knott circuit court to set aside the second
judgment referred to, upon the ground that it was a
misprision of the clerk, and asked the court to enter
judgment for him in conformity with the opinion and
mandate of the Court of Appeals, which motion was
overruled, and it is from that judgment this appeal
is prosecuted.

If the action referred to was prosecuted as a com-
mon-law action, there can be no question of the right
of the lower court in giving appellees a new trial
after the reversal by this court, and they had the
right to introduce any and all evidence they desired.
But if it was an action in equity, and we will so treat
it, the court improperly allowed the introduction of
other evidence. It should have entered an order dis-
missing appellees' action, because the opinion by this

court clearly and completely settled the rights of the
parties.  But it seems the lower court disregarded the
opinion and granted a new trial, for the reason, we
suppose, of the language used by this court in clos-
ing the opinion.   There is no doubt about the fact
that the action of the lower court was erroneous.  It
should have rendered a judgment in accordance with
the principle settled in the opinion; but it did not do
so.    It rendered a judgment on the new evidence
similar to its first judgment.  The question to be de-
termined is:  Was this judgment void or erroneous?
If void, it was not binding upon appellant.  If errone-
ous, the method which would give relief  from   the
effect of it was to appeal to this court. As stated, we
have not been aided with a brief by counsel for ap-
pellees, and appellant's counsel do not cite us to any
case in which a judgment rendered under the circum-
stances referred to was void.   Every case referred
to was where there was an appeal from such a judg-
ment, and with one accord it was decided that the
lower court had no right to render a judgment, on
the return of the case, contrary to the opinion of the
Court of Appeals.  The lower court had jurisdiction
of the subject-matter and the parties and a judgment
by it was binding upon the parties  until   reversed,
modified, or vacated, as prescribed by the Code.  If
there had been an appeal from that judgment, the
question would have been different.  See the case of
Rohmeiser v. Bannon, 22 S. W. 27, 15 Ky. Law Rep.
114, in which a similar question was involved, and the
parties sought to mandamus the circuit court to com-
pel it to render and enforce the judgment as directed
in the opinion by this court.  In that case the court
said:  "With respect to the mandamus proceeding,
it is sufficient to say that this court cannot undertake

to dictate or control the manner in which the judgments of the lower court, when affirmed by it, are to be enforced. Upon an absolute refusal to proceed to their enforcement being shown, such might be the only alternative left; * * * but nevertheless the court acted and in fact rendered a judgment, and the proper remedy of the party aggrieved is by appeal.'' The court recognized the rule in that case that this court had no power or authority to compel the lower court to enter a judgment in any particular way or manner; that its power ceased when by the writ of mandamus it compelled the lower court to act in the matter and decide the case according to its, the lower court's judgment in the matter, and in the case referred to the court did act, and it was expressly stated in the opinion that the only remedy of the party aggrieved was by an appeal to this court. The lower court did not fail to act in the case at bar, but acted erroneously and to the injury of appellant, and his remedy was by another appeal from that judgment. He has slept upon his rights and permitted the two years' time within which he had a right to appeal pass, and six years after the date of the judgment moves the court to set it aside as void and as a misprision of the clerk. It was not a misprision of the clerk, but a judicial error. A misprision by the clerk is defined by section 517 of the Civil Code to be: ''(1) To render judgment before the action stood for trial pursuant to the provisions of this Code. (2) To render judgment against an infant—excepting married women—or persons of unsound mind until a defense or report is filed pursuant to the provisions of section 36, subsection 3.'' This definition cannot be construed to apply in any way to the question at bar. It is not a misprision of the

clerk when a court fails to render judgment in conformity with the law. See Rogers v. Bradley, 8 Bush, 163.

For these reasons, the judgment of the lower court is affirmed.