THE SPRING LAKE DRAINAGE AND LEVEE DISTRICT *et al.* *vs.* WILLIAM H. STEAD, Attorney General, *et al.*—(EDWARD S. HAAS, Plaintiff in Error, *vs.* THE SPRING LAKE DRAINAGE AND LEVEE DISTRICT *et al.* Defendants in Error.)

*Opinion filed April 23, 1914.*

1. COURTS—*when lower court may enter different decree from that directed by court of review.* Although upon the remandment of a cause with special directions the only course open for the lower court is to make effective the decree or the judgment of the higher court, yet parties may consent to the entry in the lower court of a decree different from that directed by the higher court's mandate or that the taking effect of the decree directed and entered shall be postponed to a future date.

2. STIPULATIONS—*power of Attorney General to bind relator.* A stipulation by the Attorney General to postpone the operation of a decree in a consolidated case will bind a party who does not sign the stipulation, where he is defendant in one of the cases and relator in the other and where his interests are the same in both cases and are not antagonistic to those of the Attorney General, who is justified, under the facts, in consenting to such postponement.

WRIT OF ERROR to the Circuit Court of Tazewell county; the Hon. T. N. GREEN, Judge, presiding.

NOLEMAN & SMITH, and GEORGE B. FOSTER, for plaintiff in error.

PAGE, WEAD, HUNTER & SCULLY, for defendants in error.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This case was before this court at a former term on appeal from a decree of the circuit court of Tazewell county. The decree of the circuit court was rendered in two cases pending in that court which had been consolidated and tried as one case. One of these cases was No. 3272 on the docket of the circuit court, and was a suit in chancery brought by

the Spring Lake Drainage and Levee District and the commissioners of said district against William H. Stead, Attorney General, Edward S. Haas (plaintiff in error here) and others, to enjoin them from interfering with certain work by said commissioners of said drainage district. The other suit was an information filed afterwards in said court by the Attorney General on the relation of Edward S. Haas and others, on behalf of the People of the State of Illinois and the canal commissioners, against the Spring Lake Drainage and Levee District and the commissioners thereof. This suit was No. 3275 in the circuit court, and was brought to restrain the drainage district and the commissioners from interfering with the waters of Spring lake in any manner except as provided in a certain stipulation made in October, 1905, between the parties. The two cases were consolidated and tried as one before Hon. T. M. Harris, Judge, presiding. A final decree was rendered in said consolidated case in favor of the drainage district and the commissioners, from which an appeal was prayed to this court by the People and the canal commissioners, represented by the Attorney General. The final decree of the circuit court of Tazewell county was reversed by this court at the February term, 1912, and the cause was remanded to said circuit court, with directions to enter a decree perpetually enjoining the appellees, the Spring Lake Drainage and Levee District and the commissioners thereof, from proceeding in violation of said stipulation above mentioned and from interfering in any way with Spring lake except in accordance with the terms of the said stipulation. The stipulation, together with the other matters involved in said cause, is fully set out in the opinion of the court. (*People v. Spring Lake Drainage District*, 253 Ill. 479.) Pursuant to that decision the mandate of this court was issued and filed in the office of the clerk of the circuit court of Tazewell county, due notice was given, the case was re-instated and re-docketed, and at the December term, 1912, of said

circuit court, on January 7, 1913, a final decree was entered in accordance with the decision and mandate of this court. The decree contained, among other things, the following: "It is further considered, ordered, adjudged and decreed by the court that the bill in cause 3272 be and the same is hereby dismissed for want of equity, and that the defendants in said cause recover of and from the complainants in said cause their costs and charges in that behalf expended." The decree further provided: "It is further considered, ordered, adjudged and decreed by the court that the complainants in said cause No. 3275 upon proper showing shall be entitled to such other and further orders of this court as may be necessary to afford the full relief prayed for by them in said information or bill of complaint and herein and hereby sought to be awarded, granted and extended. All of the parties agree that Hon. T. N. Green may assume jurisdiction of this cause for the purpose of entering a final and also a supplemental decree herein." On the same day the Spring Lake Drainage and Levee District and the commissioners thereof, who were the complainants in case No. 3272 and the defendants in case No. 3275, and who were the appellees and unsuccessful parties in the case as consolidated and decided by the Supreme Court, filed their motion to modify the final decree, setting up that great loss and injury would result to the drainage district and the land owners therein if said decree were complied with at once, and asking for a suspension of the final decree until they could apply to the Rivers and Lakes Commission of the State of Illinois, which had been created since the litigation started, for the purpose of determining upon some feasible plan for the reclamation of the lands in said district and at the same time preserve the lake as a navigable body of water. After a hearing on said petition the court on the same day entered a decree in conformity with the prayer of said petition, and by said decree suspended the operation of the final decree already entered in said cause

for one hundred and twenty days from January 7, 1913. At the expiration of the one hundred and twenty days, or on May 8, 1913, a stipulation was filed in said court in said cause that the supplemental decree entered in said suit on January 7, 1913, should continue in force to suspend operations of the final decree in said suit until the 7th day of September, 1913. It was further stipulated "that the Hon. T. N. Green, presiding judge of said court, may enter the necessary and proper order provided for in this stipulation." The stipulation is signed by P. J. Lucey, Attorney General of the State of Illinois, and George T. Page, solicitor for the defendants, the Spring Lake Drainage and Levee District and the commissioners. The decree of January 7, 1913, recites, among other things, the appearance of the parties, including plaintiff in error, but the stipulation of May 8, 1913, was not signed by any other counsel representing parties than those above. On that date Judge Green signed an order based upon said stipulation, continuing the supplemental decree in force until the 7th day of September, 1913. To reverse the action of the court in entering said supplemental decree of January 7, 1913, and the order purporting to continue said supplemental decree in force, filed in said cause on May 8, 1913, this writ of error is sued out by plaintiff in error, Edward S. Haas.

Plaintiff in error contends that upon the mandate of this court being filed in the office of the clerk of the circuit court and the cause being re-docketed, that court had no power except to carry out the mandate of the Supreme Court and could not make any other or different order or decree in said cause; that the circuit court had no power to do anything but carry out the specific directions contained in the mandate of this court; that by the entry of the supplemental decree suspending the decree entered in pursuance of the mandate of this court, the effect was to nullify that decree and to nullify the order of this court; that the order filed in said cause on May 8 is a nullity and

of no force or effect; that the final directions of this court were from thence in full force and effect, and that the attempt to nullify or suspend the same by such supplemental decree was beyond the jurisdiction of the circuit court and has no force; that the said supplemental·decree in effect granted an appeal to the Rivers and Lakes Commission, and had for its only purpose the nullification of the judgment and mandate of this court, and consequently it was of no force or effect.

There is no question that when a cause has been remanded with special directions it is out of the power of the court receiving such direction to open the case and take any action except as directed. The only course open for the court below to pursue is to make effective the judgment of this court. (*Griesbach* v. *People,* 226 Ill. 65; *Blackaby* v. *Blackaby,* 189 id. 342; *Union Nat. Bank* v. *Hines,* 187 id. 109.) Pursuant to the decision and remanding order of this court the circuit court entered a decree that is not complained of, the decree being that of January 7, 1913. In and by this decree, as shown by the paragraph hereinbefore quoted, it was agreed by all the parties, including plaintiff in error, "that Hon. T. N. Green may assume jurisdiction of this cause for the purpose of entering a final and also a supplemental decree herein." The subsequent decree of January 7, 1913, postponing the taking effect of the final decree entered in compliance with the remanding order of the Supreme Court, was evidently by consent and agreement of all parties, as evidenced by the paragraph of the final decree above referred to, and was evidently entered by the court for that reason. Parties may consent to the entry of a decree in a lower court different from that directed by the mandate or judgment of a higher court. The order of May 8, 1913, further postponing the taking effect of the final decree until September 7, 1913, was made pursuant to a stipulation to that effect entered into by the Attorney General, who represented one set of parties to the decree,

including plaintiff in error, and the solicitor of the other parties. The interest of plaintiff in error as a defendant in case No. 3272 was the same as his interest in case No. 3275, brought by the Attorney General on the relation of plaintiff in error and others, which was, generally speaking, to restrain the drainage district from interfering with the navigability of the waters of Spring lake. For this reason the suits were consolidated without objection and tried as one. The plaintiff in error received all the relief granted by the courts as a result of those suits in common with the canal commissioners and the People, represented by the Attorney General. If he had any other or different interest the record does not show it. This being the case, no reason appears why the Attorney General should not make the stipulation to postpone the taking effect of the decree. There were reasons for this sufficient to move the Attorney General to act in behalf of the interests he represented, and, so far as disclosed by the record, plaintiff in error had no opposing interests. The period for which the final decree was postponed expired September 7, 1913, which was before the writ of error was issued from this court in this case, and, so far as the record of this case shows, the first decree was in full force and effect after September 7, 1913. We cannot see from the record how the plaintiff in error has been injured by the postponement of the decree, and it is apparent that the Attorney General was fully justified in consenting to the postponement complained of.

The supplemental decree of January 7, 1913, and order of the circuit court of May 8, 1913, will be affirmed, without prejudice, however, to the rights of plaintiff in error, if any, different from those of the other parties with whom he was joined and that have been acted upon by the circuit court subsequent to the entry of the final decree pursuant to the decision and mandate of this court.

*Decree affirmed.*