PATTERSON LAND COMPANY, Joseph M. Hackney, William G. Hoerr, Carlos N. Boynton, Respondents, v. GEORGE W. LYNN, Appellant.

(199 N. W. 766.)

**Appeal and error — district court without discretion when mandate orders entry of judgment.**

1. Where, on appeal in an equity case, and a trial de novo is had, and a mandate is issued to the district court directing it to enter judgment which will dispose of all matters in controversy, the district court has no discretion, but must enter a judgment in compliance with the decree of this court.

**Appeal and error — where appellate court does not finally determine all questions involved on appeal, departure by court below from mandate does not render judgment void but only erroneous.**

2. However, where this court does not put an end to the litigation, or does not finally determine all questions involved, and leaves certain matters open for the lower court to consider and decide, the fact that the district court departed from the mandate of this court, does not render the judgment void, but only erroneous.

**Judgment — denial of motion to vacate judgment proceedings in compliance with mandate held not erroneous.**

3. The instant case was remanded to the trial court for certain further proceedings. It was set for hearing; both parties appeared and evidence was adduced. The trial court made findings, conclusions and order for judgment. No appeal was taken from the judgment and no other proceedings had for the purpose of reviewing or correcting the same until more than six years after service of notice of entry thereof, when defendant moved the district court to vacate the judgment. For reasons stated in the opinion, it is *held* that the District Court was correct in denying such motion.

Opinion filed March 5, 1924. Rehearing denied July 28, 1924.

Note.—(1) Mandate of reviewing court binding on lower court, see 2 R. C. L. 289; 4 R. C. L. Supp. 104; 5 R. C. L. Supp. 92.

Appeal and Error, 4 C. J. § 3271 p. 1221 n. 58; § 3286 p. 1231 n. 27; § 3291 p. 1233 n. 84, 86; § 3306 p. 1243 n. 69; § 3307 p. 1243 n. 70, 73. Judgments, 34 C. J. § 488 p. 263 n. 19.

Appeal from the District Court, Emmons County, *McKenna*, J.

On denial of motion to vacate judgments, defendant appeals.

Affirmed.

*Lynn & Lynn*, for appellant.

*Young, Conmy & Young*, for respondents.

ENGLERT, Dist. J.   On the 25th day of June, 1910, in Emmons county, Patterson Land Company, Joseph M. Hackney, William G. Hoerr and Carlos N. Boynton, each commenced an action against George W. Lynn, to recover title to several hundred acres of land. On July 19, 1912, the trial court, found, in each case, in favor of the defendant.   Appeals were taken to this court.   On March 6, 1914, in Patterson Land Co. v. Lynn, 27 N. D. 391, 147 N. W. 256, this court reversed the lower court in all of said cases, and ordered "a decree entered ordering the defendant Lynn to transfer the lands in controversy to the Patterson Land Company upon their paying to him the several amounts which he has expended therefor, including a reasonable sum to be allowed by the trial court to cover his expenses incident to obtaining the titles aforesaid, and such taxes as he paid thereon; and any improvements which he may have placed upon the premises; and that upon a failure of defendant to execute such deed, to make and file a decree operating to transfer such title."

On July 10, 1914, the district court entered an order for judgment, pursuant to the order of this court, but reserving therein the right, in case transfers were not voluntarily made and their respective rights thereunder not adjusted, to determine, after hearing, the amount due the defendant, and to make any further decree necessary in the premises, to carry out the mandate of this court.

Apparently, it was impossible for the parties to reach an agreement as to their respective claims and demands, in conformity with the decree of this court.   Some of the land involved had also been conveyed by the defendant to his brother, sister and son.   So, on notice, a hearing was, thereafter, ordered by the district court to determine the matters in controversy, and to carry out the order of this court.

On that hearing, both sides presented their evidence, and, thereafter, both sides presented findings of fact to the court, and, after considering the same, the court made its own findings as to the amount due the defendant, and deducted therefrom, the plaintiffs' cost judgments, and also found that defendant had transferred his title as to a portion of the land, in controversy, to third parties, and, as to that, the court found the value thereof, and, after assessing the values against the defendant and making off-sets, directed, among other things, money judgments to be entered against the defendant, as to the difference between the amount due him and the value of the lands transferred by him. Judgment was entered thereon February 21, 1917. Notice of entry of judgment was given, and no appeal taken.

On June 21, 1923, defendant made a motion, in each of the four cases, to vacate the judgments entered on July 10, 1914, and on February 21, 1917. The matters were considered, heard and decided as one motion. Hearing was had thereon on September 17, 1923. On October 27, 1923, the district court denied the same.

The case comes here on appeal on a denial of this motion.

Before taking up the merits of this appeal, it might not be out of place to give a little of the history of this litigation before this court.

The main decision was written in Patterson Land Co. v. Lynn, 27 N. D. 391, 147 N. W. 256, and filed March 6, 1914. Rehearing denied April 11, 1914. Per curiam decisions in Hoerr v. Lynn, 27 N. D. 449, 147 N. W. 263; Hackney v. Lynn, 27 N. D. 458, 147 N. W. 263; Boynton v. Lynn, 27 N. D. 457, 147 N. W. 263; all disposed of on the governing opinion in 27 N. D. 391, supra.

In 1917, a motion was made by the defendant to recall the remittitur and reinstate the appeal in the foregoing cases. This motion was denied in Patterson Land Co. v. Lynn, 36 N. D. 341, 162 N. W. 702, on April 28, 1917.

In 1919, the defendant made application to this court, on motion, "to vacate the determination, order, judgment and decree of this court, made in the above-entitled cause on the 6th day of March, 1914, and to direct the district court of Emmons county to vacate any and all judgments, decrees and acts done under the direction of this said judgment of this court, on the ground that this court had no jurisdiction to

grant the relief pretended by said judgment and decree to be granted, and said judgment and decree is absolutely void and of no effect."

The motion was denied in Patterson Land Co. v. Lynn, 44 N. D. 251, 175 N. W. 211, on June 21, 1919.

In 1923, another case growing out of the judgments involved in the present appeal came before this court, and was decided in Lenhart v. Lynn, 50 N. D. 87, 194 N. W. 937, on July 7, 1923, and rehearing denied on September 10, 1923.

In legal strategy, number of legal battles and judicial decisions rendered, these cases have long surpassed the judicial history of the now famous Jones Calf Case from the state of Iowa. These cases, like Banquo's Ghost, will not down. Thirteen years have come and gone since these actions were first commenced, on July 25, 1910, and they, in one form or another, are still in court. Since that time, the original trial judge, and chief counsel for the plaintiffs have been called by death, and the personnel of this court has been entirely changed.

It is now contended that it affirmatively appears, from the records in each case, "that none of the seven judgments as entered in the district court are in accordance with the new judgment rendered by the supreme court, and directed to be entered, and that each of them should be vacated, and judgments entered that do comply with the judgment or mandate of the supreme court."

1. It is well established that a lower court, on reversal, must comply with the mandate of the appellate court. This sufficiently appears from the authorities hereinafter cited.

But, "parties may consent to the entry of a decree in a lower court different from that directed by the mandate or judgment of a higher court." Spring Lake Drainage & Levee Dist. v. Stead, 263 Ill. 247, 104 N. E. 1014.

Since all parties appeared on the hearing in 1917, submitted evidence, prepared findings of fact and submitted them to the court, and judgment was entered by the court on its own findings, on February 21, 1917, and notice thereof given, and no appeal taken, consent and waiver might well be implied. But we shall not rest our decision there.

In his supplemental brief, counsel says:

"As to making an off-set by Judge Nuessle, we will be frank to say that while he did not have authority to off-set under the mandate of the

supreme court, yet we are not so certain but he would have the authority under the general law permitting off-sets to be made in matters of this kind, and we are not urging a correction in this respect."

He further says:

"We are complaining as to the money judgments that have been entered against us for the value of certain tracts of lands, and should be vacated for the reason that Judge Nuessle was without jurisdiction to render such judgment, and being without jurisdiction his attempt to render judgment is absolutely void."

Under the decree of this court, the lower court was to determine a reasonable sum to be allowed to defendant for obtaining titles, and such taxes as he had paid, and for any improvements he had placed on the premises. This is virtually the language of a part of the mandate. By this decree certain matters were left open for determination by the court below. This being so, was the judgment entered by the lower court void or erroneous. If void, then the defendant would be entitled to the relief asked for. If erroneous, then, did he pursue the proper remedy, and, if he did, does it not come too late?

2. It is the general rule that, if certain matters are left open by the appellate court for determination by the lower court, a determination of other matters disposed of by the decree of the appellate court, does not make the lower court's judgment void, but erroneous.

Lynn v. McCue, 99 Kan. 400, 161 Pac. 613; Re Potts, 166 U. S. 263, 41 L. ed. 994, 17 Sup. Ct. Rep. 520; Fischer v. Blank, 81 Hun. 579, 31 N. Y. Supp. 10, 144 N. Y. 700, 39 N. E. 857; Lawrence v. Bank of Republic, 6 Robt. 497; State ex rel. Goldsborough v. Huston, 28 Okla. 718, 116 Pac. 161; Gayheart v. Childers, 137 Ky. 472, 125 S. W. 1085; Vail v. Arkell, 43 Ill. App. 466, 472, id., 146 Ill. 363, 34 N. E. 937.

In this last case, being an equity case, speaking on this point, the appellate court said:

"Appellant alleges that the circuit court disregarded the order of the appellate court, and rendered a decree in violation of such order. If this is so, such action upon the part of the circuit court was error, but its decree was not therefore void."

On appeal to the Supreme Court, speaking on that subject, in the same case, that court said:

"It is said that error intervened in rendering said decree, because the court departed from the mandate of the appellate court, upon appeal to that court, from a former decree rendered in said cause. If this was conceded (which it cannot be), the decree would be erroneous, but not necessarily void; and appellant had ample remedy by writ of error or appeal, had she prosecuted the same."

In Gayheart v. Childers, 137 Ky. 472, 125 S. W. 1085, the court said:

"It seems that the lower court disregarded the opinion and granted a new trial, for the reason, we suppose, of the language used by this court in closing the opinion. There is no doubt about the fact that the action of the lower court was erroneous. It should have rendered a judgment in accordance with the principle settled in the opinion; but it did not do so. It rendered a judgment on the new evidence similar to its first judgment. The question to be determined is: Was this judgment void or erroneous? If void, it was not binding upon appellant. If erroneous, the method which would give relief from the effect of it was to appeal to this court. As stated, we have not been aided by a brief of counsel for appellees, and appellant's counsel do not cite us to any case in which a judgment rendered under the circumstances referred to was void. Every case referred to was where there was an appeal from such a judgment, and with one accord it was decided that the lower court had no right to render a judgment, on the return of the case, contrary to the opinion of the Court of Appeals. The lower court had jurisdiction of the subject-matter and the parties and a judgment by it was binding upon the parties until reversed, modified, or vacated, as prescribed by the Code."

In Re Sanford Forks & Tool Co. 160 U. S. 247, 255, 40 L. ed. 414, 416, 16 Sup. Ct. Rep. 291, on this question, the Supreme Court said:

"If the circuit court mistakes or misconstrues the decree of this court, and does not give full effect to the mandate, its action may be controlled, either upon a new appeal (if involving a sufficient amount) or by a writ of mandamus to execute the mandate of this court. . . . And, either upon an application for a writ of mandamus, or upon a new appeal, it is for this court to construe its own mandate, and to act accordingly."

In Lynn v. McCue, supra, the court said:

"The appeal was not taken within the six months prescribed by the statute. Laws 1913, chap. 241. No appeal was taken until August 12, 1916, more than two months after the time allowed for an appeal had expired. It is contended that the trial court disobeyed the mandate of this court as to one branch of the case; that it had no power to do what was done, and therefore its judgment was absolutely void. The limitation on appeal, it is argued, had no application to a void judgment, a nullity which is open to attack at any time. A consideration of the first opinion and the one delivered on the rehearing shows that the judgment was rendered in a complicated, equitable suit. There were quite a number of parties in the case between whom there was a complexity of controversies, and the judgment required the balancing of equities and the adjustment of numerous rights. The opinions and mandate directing the future action of the trial court in the case were open to interpretation. That court had the power to interpret the meaning of the judgment and orders of this court, and if the scope of the inquiry was unduly extended and an unwarranted order or judgment rendered, the appellant could have moved to set such order or judgment aside, and if this was denied, the ruling could have been corrected on an appeal taken within the statutory time. While it is the clear duty of the trial court, upon a remand of the case with directions, to implicitly follow the directions and give effect to the decision of the court, yet when the directions are not final and specific, but are subject to interpretation, the action of the court in interpreting them, however erroneous, can not be regarded as absolutely void. Its action was no more than error."

3. While the proper remedy for failure of the lower court to carry out, in whole or in part, purposely or through mistake, the mandate of this court, is by another appeal, we do not hold, under our statutes and practice, that that is the only remedy in a proper case, if timely resorted to. In the present case, since all parties appeared, evidence taken, findings of fact made, judgment entered thereon, and notice thereof given, if the defendant felt aggrieved thereby, his remedy was to appeal to this court.

4. But whatever other remedy may be available to the defendant in a case like this, the judgment being not void, but merely erroneous, and

no fraud claimed, he must exercise his right either within the time limit for appeal, six months, or certainly not later than one year after notice or knowledge of the judgment, as provided by § 7483, of 1913 Comp. Laws, for relieving a party from a judgment, or other proceeding. But being that defendant has slept on his rights for more than six years since entry of the judgments herein complained of, it is not necessary to determine which of those provisions would apply to the time limit on motion to amend or correct a judgment or order of the court. To extend the time for attacking an erroneous judgment of which a party has notice or knowledge, on motion, would be placing a premium upon delays, laches and stake equities, and would be granting or extending of privileges to those that seek delays that are not given to those that are diligent and act within the statutes.

For the foregoing reasons, the order of the District Court is hereby affirmed.

CHRISTIANSON, BIRDZELL, and JOHNSON, JJ., and BUTTZ, Dist. J., concur.

Mr. Chief Justice BRONSON and Mr. Justice NUESSLE, being disqualified, did not participate; Honorable M. J. ENGLERT, Judge of the First Judicial District, and Honorable C. W. BUTTZ, Judge of the Second Judicial District, sitting in their stead.