676

· [File No. 7161]

MALINDA SAVRE, Appellant, v. EDWARD SAVRE,
Respondent. .

(44 NW2d 616)

Opinion filed Nov. 9, 1950.  Rehearing denid Nov. 27, 1950

*Day, Lundberg, Stokes, Vaaler & Gillig,* for appellant.
*Thompson & Duffy,* for respondent.

MORRIS, J.  In a former opinion in this·case appearing in —
ND —, 42 NW2d 642, we determined the .issue of divorce ad-
versely to the plaintiff and remanded the record to the district
court. with instructions to consider the matter of plaintiff's sup-
port.  The trial court was directed to consider the question of
such support upon the record already made and upon such fur-
ther showing as he might, in the. exercise of his judicial discre-
tion, permit; and return the record to this court with his findings
and determination on that issue.  This he did, and included in
the record so returned is an additional finding of fact as follows:

"That the evidence and all 'of the facts and· circumstances in
the case including the situation of the parties, the plaintiff is

entitled to support in the sum of Seventy-five Dollars ($75.00) per month, commencing from the date of Judgment herein; namely, February 8, 1949, said payment to be made on the first day of each and every month commencing on February 8, 1949, and which amount is a just, fair and equitable allowance."

From all of the findings of fact including the one above quoted, the court reached this conclusion of law:

"That the plaintiff having failed to establish any cause of action for divorce, that her application for divorce should be denied and the said action dismissed with prejudice. That the defendant pay to the plaintiff the sum of Seventy-five Dollars ($75.00) per month for support commencing February 8, 1949, said amount of Seventy-five Dollars ($75.00) per month being payable on the 8th day of each and every month until further order of the Court, said payments to be paid into the Office of Clerk of District Court, Griggs County, North Dakota."

After the return of the record, further briefs were filed, the case placed upon the calendar for argument, and argued. No additional testimony was taken in the lower court. The record now is the same as that formerly before us, except that it was stipulated that the plaintiff went to the State of Oregon in 1949, where she was employed as a housekeeper. We stated the essential facts in our former opinion. After reviewing them again, we reach the conclusion that the trial court made a just determination in his additional conclusion of law that the plaintiff is entitled to support in the sum of seventy-five dollars per month commencing on February 8, 1949.

Plaintiff's counsel made a motion before the trial court to amend the judgment so as to contain therein the conclusion of the trial court with respect to the support of the plaintiff. The court ordered the judgment amended in accordance with the additional findings and conclusions. The defendant has moved this court to again remand the record to the district court with instructions to vacate his order for judgment and to vacate the amended judgment. As a ground for this motion defendant's counsel contends that the trial court exceeded the directions of remand in ordering the amendment of the judgment. The

defendant's contention is technically correct. We only directed the trial court to make his finding and determination with reference to support and recertify the record to us. The fact that the trial court departed from the mandate of this court does not render his action void, but only erroneous. Patterson Land Co. v. Lynn, 51 ND 329, 199 NW 766. As the record now stands, this error is innoxious. The judgment that was entered, although premature, was in accordance with the findings and conclusions of the trial court, which we, by this opinion, approve. To have the premature judgment stricken would be an idle act, since we would ultimately order judgment entered in the same terms.

"The law neither does nor requires idle acts;" Paragraph 23, Section 31–1105 RCND 1943.

The judgment as now entered in the district court is approved and affirmed.

NUESSLE, C. J., and CHRISTIANSON, GRIMSON and BURKE, JJ., concur.