PATTERSON LAND COMPANY, Appellant, v. GEO. W. LYNN, Respondent.

(175 N. W. 211.)

**Appeal and error — courts — jurisdiction of supreme court on trial de novo; subject-matter of suit.**

Defendant moves the supreme court to vacate its decision entered in this cause on March 6, 1914. For reasons stated in the opinion the motion is denied.

Opinion filed June 21, 1919.

Motion to vacate decision and reinstate and reopen cause.
Motion denied.
*George W. Newton, R. N. Stevens, H. C. Lynn, Geo. W. Lynn,* and *H. A. Bronson,* for motion.
*Watson & Young* and *E. T. Conmy,* contra.

PER CURIAM. The original opinion in this case was filed March 6, 1914. A rehearing was denied April 11, 1914 (see 27 N. D. 391, 147 N. W. 256). A motion to recall the remittitur and reinstate the appeal was filed March 14, 1917, and, after hearing had, was denied by an opinion filed April 28, 1917 (36 N. D. 341, 162 N. W. 702). In that opinion this court said: "Among other questions urged is that this court rendered judgment upon an amended pleading, without permitting a trial upon the issue formed by such amendment. It is contended that the proper practice would have been to have directed the amendment to be allowed and remanded the case for trial upon

the pleading as amended. We have examined the original briefs, and find that considerable space was devoted to a discussion of whether the trial court should have allowed an amendment of the complaint. We have also examined the petition for rehearing, which consists of eighty-seven pages of typewritten matter. This petition is a complete reargument of the entire cause, and assails practically every portion of the opinion. The last eight pages of the petition are devoted almost exclusively to an attack on that portion of the opinion which deals with and allows the proposed amendment to the complaint and orders judgment upon the complaint as amended. The matter is argued at length and with great particularity, and it was claimed then, as now, that where an amendment of the pleading has been allowed, evidence formerly taken is not admissible to support substantive matter in the pleading as amended. No claim, however, was made in the petition for rehearing, that any actual prejudice had resulted or that the defendant had any evidence which he desired to offer upon the issues arising under the amended pleading. It will be noted that the original opinion was handed down and a rehearing denied more than three years ago. It also appears that judgment was entered in the district court, in accordance with the findings and conclusions of this court, in July, 1914, and that notice of entry of judgment was served upon the defendant at that time. It further appears that proceedings have been had in the district court in accordance with the directions contained in the former opinion herein, to ascertain the amounts to be paid by the Patterson Land Company to the defendant for the amounts expended and incurred by him in obtaining titles, taxes paid by him, and the cost of any improvements which he may have placed on the premises. There is no claim that defendant has questioned the binding effect of the former decision during all of this time." Patterson Land Co. v. Lynn, 36 N. D. 341–343, 162 N. W. 702.

The defendant has now filed a motion "to vacate the determination, order, judgment, and decree of this court, made in the above-entitled cause on the 6th day of March, 1914, and to direct the district court of Emmons county to vacate any and all judgments, decrees, and acts done under the direction of this said judgment of this court, on the ground that this court had no jurisdiction to grant the relief pretended

by said judgment and decree to be granted, and said judgment and decree is absolutely void and of no effect." The specific ground for the present motion is that this court erred in its original decision in allowing certain amendments to the complaint which were offered during the course of the trial and rejected by the trial court. See 27 N. D. 416, 147 N. W. 256. Defendant contends that the amendments changed the "subject-matter" and introduced the proposition of an involuntary trust, as a "new subject-matter."

This court doubtless has power to review rulings on proposed amendments. Under our statute pleadings may be amended even after judgment. Comp. Laws 1913, § 7482.

This case was appealed to this court for a trial de novo. The statute provides that in such cases "the supreme court shall try anew the question of fact specified in the statement or in the entire case, if the appellant demands a retrial of the entire case, and shall finally dispose of the same whenever justice can be done without a new trial, and either affirm or modify the judgment or direct a new judgment to be entered in the district court." Comp. Laws 1913, § 7846.

The statute contemplates that when a retrial of the entire case is demanded, the supreme court shall review the entire record and "render final judgment, and thus, by its mandate, forever terminate the particular litigation." Christianson v. Farmers' Warehouse Asso. 5 N. D. 438, 445, 32 L.R.A. 730, 67 N. W. 300. It is only in unusual cases, and where the court "deems such cause necessary to be accomplishment of justice," that a new trial may be ordered. § 7846, supra.

It was doubtless the intention of the legislature, by the enactment of this statute, to create "a means of terminating litigation in a manner that should at once possess the strongest probability of absolute justice with the least expenditure of time and money;" and to avoid "the delay and expense of the second trial, and the risk of further errors that might necessitate a second appeal." Christianson v. Farmers' Warehouse Asso. supra.

It is for this court to construe the pleadings and determine the issues involved in each case that comes before it. This is peculiarly so in a case which comes here for trial de novo. Where the correctness of a ruling on a proposed amendment is assailed in cases triable

here de novo, the question thereby presented must be determined as any other question in the case. And an error of judgment in its determination does not constitute an excess, or devest the court, of jurisdiction. In cases triable here de novo there is no want of jurisdiction to allow amendments which were proposed in and denied by the trial court. See Raley v. Raymond Bros. Clarke Co. 73 Neb. 496, 103 N. W. 60. This court is not necessarily required to remand a case because it finds that the trial court erred in ruling on an application to amend a pleading. Under the plain words of the statute, this court is required to finally dispose of the case whenever justice can be done without a new trial. And the case should not be remanded to the trial court unless this court "deems such course necessary to the accomplishment of justice." Comp. Laws 1913, § 7846.

Defendant is in error when he assumes that in all cases wherein a trial de novo is asked this court becomes in effect vested with and exercises original jurisdiction. The effect of the statute providing for trials anew in this court, of issues of fact in equitable actions, was construed by this court in Christianson v. Farmers' Warehouse Asso. 5 N. D. 438, 32 L.R.A. 730, 67 N. W. 300. And it was there held that such statute does not require the supreme court to perform any functions that do not pertain to its appellate jurisdiction. In fact it was alone by such construction that the constitutionality of the statute could be sustained; for under § 86 of the state Constitution the supreme court, except as otherwise provided in the Constitution, has appellate jurisdiction only.

In the case at bar this court fully determined the different questions presented on the appeal. No reservation of jurisdiction was made for any purpose. Manifestly this court intended to and did made a final decision of the cause brought before it. It fully and finally terminated the cause presented to it for determination. It denied a rehearing and intentionally ordered the remittitur sent down to the court below. The judgment ordered by this court was entered and carried into effect by the district court long ago.

Defendant is also in error when he assumes that the subject-matter of an action is limited to the reasons or theories on which an action or a determination is based. The "subject-matter of a suit," when re-

ference is made to questions of jurisdiction, means the nature of the cause of action and the relief sought. When applied to the matter in dispute it is understood as having reference to the cause, the object, the thing in dispute, and when applied to an action where conflicting claims to realty are in issue, it is synonymous with the real property itself. See 4 Words and Phrases, 2d ed. pp. 732–735.

The subject-matter of this action was certain land. The question presented to the trial, and the appellate, courts related to the ownership of, and the rights and interest of the respective parties in, such land. The parties were in court. The subject-matter was before the court. The fact that the appellate court disagreed with the reasons and conclusions of the trial court certainly did not constitute a change in the subject-matter of the action or render the decision of the appellate court void.

It is very questionable if any amendments were necessary. We rather believe that they were unnecessary. In any event the amendments related to matters foreshadowed by allegations in the original complaint. And while defendant filed a petition for rehearing and assailed the decision, he at no time even suggested that he desired to offer any further testimony with respect to the matters referred to in the amendments.

The present motion is in effect ruled by our decision on the motion to recall the remittitur, and what we said there is applicable here.

Motion denied.

GRACE, J., concurs in the result.

ROBINSON, J. I dissent from this decision and all decisions in this case.

BRONSON, J., did not participate.