G. A. LENHART and Leander Briggle, Respondents, v. GEORGE W. LYNN, Appellant.

(194 N. W. 937.)

**Judgment — entered in compliance with mandate of supreme court having jurisdiction, conclusive against defendant.**

1. In an action to compel the defendant to satisfy certain judgments of record, or to respond in damages, the defendant defended on the ground that said judgments are void on their face; said judgments were entered in compliance with the mandate of this court in actions wherein this court held it had jurisdiction of the parties, the general nature of the actions and the particular matter involved.

It is *held*, such judgments are conclusive against the defendant and their validity cannot be attacked by him.

**Judgment — lien expires after ten years from date of docketing, in county where rendered.**

2. The lien of a judgment expires after ten years from the date of its docketing in the county where it was rendered.

Opinion filed July 7, 1923.   Rehearing denied September 10, 1923.

Judgments, 34 C. J. § 858 p. 559 n. 85; § 944 p. 620 n. 57.

From a judgment of the District Court of Emmons County, *Allen,* J.

Affirmed, with one modification.

*Lynn & Lynn,* for appellant.

*Newton, Dullam & Young,* and *Chas. Coventry,* for respondents.

BURR, District J.   The defendant herein had entered into a contract to sell and convey to the plaintiffs certain lands described in the complaint.   Plaintiffs paid part of the purchase price, and when ready to complete the contract tendered to the defendant the amount due—$2,496.70.   The plaintiffs found, when they tendered the money, there were certain judgments of record against the defendant, that appeared to be liens against the land involved, and demanded of him that he satisfy said judgments.   Upon his failure so to do they brought this action to compel him to satisfy the judgments or respond in damages.   The defendant answered, claiming said judgments are void on their face.   The trial court found said judgments valid, and conclusive on the defendant; found the value of the land to be $9,600; the amount due under the contract to be $2,496.70; and that the plaintiffs "are entitled to judgment that the judgments aforesaid be satisfied by defendant; that the defendant be allowed a period of three months within which to satisfy the same, and to convey a title to said premises free and clear of the liens and encumbrances constituted by such judgments, plaintiffs shall have and recover of and from the defendant damages for his said failure in the sum of $9,600, the value of said premises on the date of said tender, less the sum of $2,496.70, then remaining unpaid on said contract, with interest from that date at 6 per cent per annum."   From the judgment entered the defendant appeals, alleging error on the part of the trial court in holding said judgments to be valid judgments and conclusive against the defendant.

The judgments involved herein are the judgments entered in the cases of Patterson Land Co. v. Lynn, 27 N. D. 391, 147 N. W. 256; Hackney v. Lynn, 27 N. D. 458, 147 N. W. 263; Hoerr v. Lynn, 27 N. D. 449, 147 N. W. 263; Boynton v. Lynn, 27 N. D. 457, 147 N. W. 263; the judgments of Patterson Land Co.; of Hoerr; and of Boynton against the same defendant, all dated February 21, 1917, and the judgment of one, Cruser v. Williams, 13 N. D. 284, 100 N. W. 721, for $18, dated June 1, 1910. With the exception of the Cruser judgment, all the judgments grow out of the litigation involved in the cases against the defendant decided in 27 N. D. 391, 449, 457, & 458, 147 N. W. 256, 263. The issues involved were determined in these cases. In 1917 the defendant filed an application to have the remittitur recalled in the case of Patterson Land Co. v. Lynn, 27 N. D. 391, 147 N. W. 256, in order to re-argue the case, which application was denied. See 36 N. D. 341, 162 N. W. 702. Again, in 1919 the defendant made a motion in this court to vacate the judgment and decision of this court and to reinstate and reopen the case of Patterson Land Co. v. Lynn, 27 N. D. 391, 147 N. W. 256, which motion was denied. See 44 N. D. 251, 175 N. W. 211. In these other cases, except the Cruser Case, the situation is identical. Now, the defendant again seeks to attack the validity of these judgments and claims they are void on their face because "it appears affirmatively upon the record of the said judgments, that the subject matter or question submitted to the jurisdiction of the Court by the litigants in the actions in which the judgments were entered was not adjudicated, and that another and different subject matter, which was not submitted, was adjudicated and these judgments were entered on such wrongful adjudication." This is the statement of the defendant as set forth in his brief. He states, further, "The issue between the plaintiff and defendant wholly relates to the validity of the judgments, and if the judgments are valid the plaintiff must prevail."

The term "subject matter" is defined in the case of Patterson Land Co. v. Lynn, 44 N. D. 251, 254, 175 N. W. 211. In this case the Court held that the "subject-matter" involved and determined by the Court was the land and "the rights and interest of the respective parties in such land." The defendant insists that the allowance by this court of certain amendments offered in, and rejected by the trial court

changed the "subject matter" and in considering said amendments the court passed upon the proposition of an involuntary trust, a matter, which he says, was not before the lower court. In the case cited, this court went into the whole matter thoroughly, examined and determined the very issues raised here, discussed and construed the statutes governing trials de novo, passed upon its power to allow and consider the amendments objected to in this case, and expressly declared that this Court "intended to and did make a final decision of the cause brought before it. It fully and finally terminated the cause presented to it for determination." In the original case this Court considered the amendments offered and treated them as if they had been allowed. The defendant, in his petition for rehearing, expressly recognizes that this Court did consider and pass upon the proposed amendments and had decided the issue involved therein. In his application to recall the remittitur he sets forth as error this very act of the Court. Manifestly the whole matter has been before the Court and been determined upon its merits. The defendant, in this case, challenges the right of the court, in years gone by, to consider the issues raised in other actions, and asks this court to reopen and reconsider these decisions. It is true that a court may have jurisdiction of the parties and of the class of cases attempted to be adjudicated and yet its judgment be void, because the precise question it assumes to determine is not involved in the pleadings and it has no jurisdiction of that question in that particular case. But that is not the situation here. The parties, the general class of cases and the issue involved—the rights of the respective parties to the land—were all before the court. True, this court considered as allowed certain amendments which the trial court should have allowed but had rejected. The defendant did not claim it was necessary that he be given an opportunity to furnish additional testimony to meet any issue which may have been raised by the amendments. The amendments merely put in another form matters included in the case. The testimony was before the court, no new testimony was desired, or, at least, indicated and so the whole case was considered. It is ended. The judgments complained of were entered by the lower court in compliance with the mandate of this court and are in strict accord with it. The trial court was right in holding these judgments to be valid and liens against the land involved.

The small judgment in the case of Cruser v. W. Lynn involves an entirely different question. It is not in any way connected with the issues discussed heretofore. This judgment was docketed June 1, 1910. The summons and complaint in this action are dated June 12, 1920—more than ten years after the docketing of the judgment under discussion. Under the provisions of § 7691 of the Compiled laws of 1913 a judgment so docketed becomes a lien upon real estate "for ten years from the time of docketing the same." The ten years having expired before the action was commenced, it is clear such judgment was not a lien upon the land in question, and the judgment of the lower court should be modified accordingly.

The defendant admits the Goodyear and the Beiseiker judgments are valid liens, and it is conceded these liens have been satisfied.

With the modification involved in the matter of the Cruser judgment the judgment of the lower court is affirmed.

BIRDZELL, CHRISTIANSON, and JOHNSON, JJ., and Pugh, Dist. J., concur.

BRONSON, Ch. J., and NUESSLE, J., disqualified, did not participate, Honorable A. G. BURR, and Honorable THOS. H. PUGH, District Judges, sitting in their stead.